IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00165-LTB-CBS

JAMES SCHUDER,
    Plaintiff,
v.

JERRI GREEN,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff Schuder's failure to respond to the court's Order to Show Cause dated June 18, 2008 (doc. # 15). Pursuant to the Order of Reference dated February 7, 2008 (doc. # 6), this civil action was referred to the Magistrate Judge to, *inter alia*, "hear and determine any pretrial matter . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Background

    Proceeding *pro se*, Mr. Schuder filed the instant action on or about January 25, 2008. (*See* doc. # 3). Mr. Schuder has alleged two claims for denial of medical treatment and deliberate indifference to serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. (*See* Complaint (doc. # 3) at pp. 3-5 of 8). As relief, Mr. Schuder has sought compensatory damages and injunctive relief. (*See id.* at p. 7 of 8).

1

At the time the Complaint was filed, Mr. Schuder was incarcerated at the San Carlos Correctional Facility ("SCCF") in Pueblo, Colorado. (*See* doc. # 3). On March 17, 2008, Mr. Schuder notified the court of his change of address to the Colorado Territorial Correctional Facility ("CTCF") in Canon City, Colorado. (*See* docs. # 9, # 13). Upon information and belief, Mr. Schuder has since been released from the custody of the Colorado Department of Corrections.

The preliminary Scheduling Conference was set by a Minute Order dated April 15, 2008 (doc. # 11). The court mailed a copy of the Order to Mr. Schuder at his address of record with the court. (*See* doc. # 11, Notice of Electronic Filing). Mr. Schuder's copy of the Minute Order was not returned to the court in the mail as undeliverable. The court held the preliminary Scheduling Conference on June 18, 2008. Mr. Schuder did not appear in person or through counsel. Mr. Schuder has not contacted the court to explain his failure to appear.

On June 18, 2008, the court ordered Mr. Schuder to show cause on or before Wednesday July 9, 2008 why it should not recommend that this civil action be dismissed for failure to appear at the June 18, 2008 preliminary Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. (*See* doc. # 15). The court advised Mr. Schuder that failure to adequately respond to the Order to Show Cause on or before Wednesday July 9, 2008 may result in a Recommendation for dismissal of this civil action without further notice. (*See id.*).

As of this date, Mr. Schuder has not responded to the court's Order to Show

Cause. On June 29, 2008, Mr. Schuder's copies of the court's Order to Show Cause (doc. # 15) and the Courtroom Minutes/Minute Order (doc. # 14), mailed to Mr. Schuder at his address of record, were returned in the mail marked "Return to Sender, Refused, Unable to Forward." (*See* docs. # 16 and # 17). Mr. Schuder has not filed notice with the court within ten days after any change of address, as required by D.C. COLO. LCivR 10.1 M.

II.     Analysis

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C. COLO. LCivR 41.1. Mr. Schuder has failed to respond to the court's Order to Show Cause dated June 18, 2008 (doc. # 15), failed to appear at the June 18, 2008 preliminary Scheduling Conference, failed to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failed to prosecute this civil action. For these reasons, this civil action may properly be dismissed with or without prejudice.

As the statute of limitations could bar refiling of Mr. Schuder's claims and in order to recommend dismissal of this civil action with prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* to explain the recommended dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with

3

prejudice as sanction for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria").  *See also Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  965 F.2d at 921 (internal quotation marks and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Ehrenhaus*, 965 F.2d at 921.

First, there has been little actual prejudice to the Defendant, other than appearing through counsel for the preliminary Scheduling Conference at which Mr. Schuder did not appear.  Second, judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action.  Third, the record does not reveal that anyone other than Mr. Schuder is culpable for his failure to respond to the court's Order to Show Cause, failure to appear at the June 18, 2008 preliminary Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.  Fourth, the court has  warned Mr.

Schuder that this civil action may be dismissed for his failure to respond to the court's Order to Show Cause, failure to appear at the June 18, 2008 preliminary Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Fifth, there is no lesser sanction available under the circumstances. It would be pointless to impose a financial sanction on Mr. Schuder, who has repeatedly failed to comply with the court's orders. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice. Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE pursuant to D.C. COLO. LCivR 41.1 for failure to respond to the court's Order to Show Cause, failure to appear at the June 18, 2008 preliminary Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 15th day of July, 2008.

BY THE COURT:

    s/Craig B. Shaffer    
United States Magistrate Judge